## OHIO MATCH CO. v EVATT

The Board of Tax Appeals

No. 4835. Decided June 24, 1942.

D. W. Maxon and S. C. Andress of Wise, Roetzel & Maxon, Akron, for appellant.

Thomas J. Herbert, Atty. Gen., Columbus, and Aubrey A. Wendt, Asst. Attorney Gen., Columbus, for appellee.

### ENTRY

This cause and matter came on to be heard before the Board of Tax Appeals on the appeal of The Ohio Match Company, the appellant above named, from a corrected corporation franchise tax assessment for the year 1941 made against it as a foreign corporation by the Tax Commissioner on or about September 7, 1941, and from an order of the Tax Commissioner denying an application for review and correction filed by the appellant with respect to said assessment.

Said cause was heard by the Board of Tax Appeals upon a

transcript of proceedings of the Tax Commissioner relating to the determination and assessment of appellant's corporation franchise tax for said year, upon a stipulation of facts signed and filed by the respective counsel for the parties in the case, and upon arguments and briefs of counsel; and the cause was submitted to said board for its consideration and determination. Upon consideration thereof the board finds that on or about April 25, 1941, the appellant, a corporation organized under the laws of the State of Delaware and engaged in the business of manufacturing and selling matches and other products in the State of Ohio and elsewhere, filed its annual corporation franchise tax report for said year, as required by the provisions of §5495-2 GC; which report as to the information therein contained was in manner and form as required by §5497 GC. In this report the appellant separately stated the value of its property, real and personal, which was owned and used by it in Ohio, and that owned and used by it outside of Ohio; and likewise set out therein its liabilities (less capital and surplus) as of January 1 of said year. On the information thus set out in appellant's report the Tax Commissioner determined the value of the issued and outstanding shares of stock of said corporation as provided in §5498 GC, and fixed such value at the sum of $6,332,387.00. Applying the property fraction indicated by the fair value of appellant's property in Ohio (as determined by the Tax Commissioner) as against the fair value of that owned and used by it in Ohio and elsewhere, and applying, likewise, the business fraction indicated by the value of the business done by the corporation in this state (as determined by the Tax Commis-

sioner) as against the total value of the business of the corporation wherever transacted by the corporation, the Tax Commissioner determined the taxable valuation of the issued and outstanding shares of stock of the corporation represented by the property owned and business done by it in this state, and found such taxable value to be $4,210,265.00. After the Tax Commissioner, by the application of the property and business fractions above stated, had determined the taxable value of the issued and outstanding shares of the stock of the corporation represented by property owned and business done by the corporation in this state, and after the franchise tax of one-tenth of one per cent had been extended against such valuation as provided in §5499 GC, the appellant, acting under the authority of §5500 GC, filed a written application under date of September 22, 1941, for a review and correction of the determination theretofore made by the Tax Commissioner of the value of the issued and outstanding shares of stock of the corporation represented by the property owned and business done by the corporation in this state and of the franchise tax extended and assessed on such valuation. On October 9, 1941, the Tax Commissioner on consideration of said application for review and correction theretofore filed by appellant, denied the same; and following said order of the Tax Commissioner, the appellant herein filed its appeal with the Board of Tax Appeals from the assessment and order of the Tax Commissioner therein complained of.

On consideration of the facts presented by the record in this case the board finds that the appellant is engaged in the manufacture of matches and other products at its

manufacturing plant in the City of Wadsworth, Ohio; and that the sale of such manufactured products is made by and through The Ohio Match Sales Company, an Ohio corporation, which is a wholly owned subsidiary of appellant and which has its offices at appellant's manufacturing plant at Wadsworth; and a majority of the officers and directors of The Ohio Match Sales Company, the subsidiary, are officers and directors of the appellant. The board finds that the products manufactured by appellant at Wadsworth are sold and delivered to The Ohio Match Sales Company, and The Ohio Match Sales Company is charged for such products, and these charges are entered on the books of the appellant as accounts receivable. The Ohio Match Sales Company then sells such products to the trade in the various states of the Union at prices somewhat higher than those charged to it by the appellant for such goods; and a very substantial part of the sales so made by The Ohio Match Sales Company, the subsidiary, is made by said company from warehouses maintained by it outside of the State of Ohio and in various other states of the Union.

The board finds that the Tax Commissioner in determining the taxable valuation of the issued and outstanding shares of stock of the appellant corporation for the year 1941, represented by the property owned and business done by the corporation in this state, included in the numerator (and denominator) of the business fraction used by him the aggregate value of the sales made by the appellant to The Ohio Match Sales Company during the period of appellant's franchise tax report, and that the aggregate value of the sales so made was and is the sum of $3,771,045.00.

And the Tax Commissioner, likewise, included in the numerator (and denominator) of the property fraction so used by him for this purpose the value of appellant's accounts and notes receivable accruing and becoming due and payable to appellant by reason of the sale of its products aforesaid to The Ohio Match Sales Company; which accounts and notes receivable were of the amount and value of $1,531,768.00. The board further finds as to this that appellant's contention is that in determining the business fraction to be used for the purpose aforesaid, the Tax Commissioner should have disregarded the corporate entity of The Ohio Match Sales Company and should have determined said business fraction on the sales made by the subsidiary as an agent or instrumentality of the appellant corporation and in the same manner as if such sales to the trade had been made not by The Ohio Match Sales Company, but by the appellant corporation itself; and in this view appellant further contends that sales made by The Ohio Match Sales Company from warehouses maintained by it outside of the State of Ohio to points outside of this state, should be eliminated in the computation of the business done by the appellant in Ohio. In this connection, as the board finds, the appellant further contends that in computing the property fraction for the purpose aforesaid the Tax Commissioner should have used the accounts receivable of The Ohio Match Sales Company on its sales of such products to the trade, and not the accounts receivable accruing to the appellant on the sale by it of such products to The Ohio Match Sales Company; that the accounts receivable of The Ohio Match Sales Company should be allocated in and

out of the State of Ohio in accordance with the provisions of §§5328-1 and 5328-2 GC, and that under the provisions of §5379 GC, relating to the taxation of credits under the Intangible and Personal Property Tax Law, the inter-company accounts between the appellant and its subsidiary, The Ohio Match Sales Company, should be eliminated.

As to the contentions made by the appellant as aforesaid, the Board of Tax Appeals is bound by the decision of the Supreme Court of Ohio in the case of **North v The Higbee Company, 131 Oh St 507,** to the effect that in the absence of fraud or a purpose to effect the same the separate corporate entities of a parent and subsidiary corporation will not be disregarded notwithstanding the fact that the subsidiary corporation is controlled by the parent through its stock ownership, and notwithstanding the further fact that the officers and directors of the parent corporation are likewise officers and directors of the subsidiary corporation. In this view and since it does not appear from the record in this case that The Ohio Match Sales Company, the subsidiary, has abdicated its functions as a separate and independent corporation, or that the appellant corporation has intervened in the affairs of its subsidiary so as to make the same a mere department of its own business enterprise, the board finds that The Ohio Match Sales Company was not a mere instrumentality or agency of the appellant corporation in the sale by it of the products manufactured by the appellant. For this reason and on the further consideration that the provisions of §5379 GC, relating to the elimination of inter-company accounts, do not apply in the determination and assessment of corporation franchise taxes, the board finds that the Tax Commissioner in determining the taxable valuation of appellant's issued and outstanding corporation stock represented by the property owned and business done by the corporation in this state, and in determining the consequent amount of franchise taxes to be paid by the appellant corporation for the year 1941, did not err in including as Ohio business of the corporation sales made by the appellant to its subsidiary, The Ohio Match Sales Company, and for the reasons aforesaid the Tax Commissioner did not err in including as property owned by the corporation in this state accounts or notes receivable accruing to the appellant from sales of its products to The Ohio Match Sales Company.

It is, therefore, by the Board of Tax Appeals considered and ordered that the corporation franchise tax assessment and proceedings complained of in appellant's appeal herein be, and the same hereby are, affirmed.

I hereby certify the foregoing to be a true and correct copy of the action of the Board of Tax Appeals of the Department of Taxation, this day taken with respect to the above matter.

HARRY J. ROSE, Secretary.